IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY FORE LEE,

     Plaintiff,

          v.

STATE FARM FIRE & CASUALTY
COMPANY,

     Defendant.

Civil Action No.
1:19-cv-04353-SDG

## OPINION AND ORDER

This matter is before the Court on (1) the motion by Defendant State Farm

Fire & Casualty Company (State Farm) for judgment on the pleadings; (2) the

motion by former Defendant City of Roswell Police Department (RPD) for the

entry of final judgment; and (3) various motions by Plaintiff. For the following

reasons, State Farm's Motion for Judgment on the Pleadings [ECF 75] is

**GRANTED**; the RPD's Motion for Entry of Final Judgment [ECF 80] is **DENIED**

**AS MOOT**; Plaintiff's Motion for Leave to Address a Re[l]e[v]ant and New Matter

on Record [ECF 79], Motion for Leave to Request More Time to File Amend[ment]

to Complaint to Add Appropriate Governmental Agencies or Entities [ECF 86],

and Motion for Leave to Filed Amended Complaint [ECF 99] are **DENIED**;

Plaintiff's motions for permission to subpoena former Defendant Cobb County

Police Department (CCPD) [ECF 100], for leave to file attachments missing from

the proposed Second Amended Complaint [ECF 105], and for leave to request a rationale for non-issuance of a protective order [ECF 106] are **DENIED AS MOOT**.

## I.   Procedural Background

The Court entered an order on July 15, 2020 (the July 15 Order) ruling on motions to dismiss filed by each Defendant and various motions filed by Plaintiff Mary Fore Lee.[1] That order describes the history of this case up to that point, which will not be repeated here. In short, however, the Court granted motions to dismiss by the CCPD, the City of Kennesaw Police Department, and the RPD, and dismissed them from this action with prejudice.[2] The Court granted the motion by State Farm to dismiss or for a more definite statement, and directed Lee to file an amended complaint and effect service on State Farm.[3]

On August 4, 2020, Lee filed her Amended Complaint.[4] The same day, she personally attempted to serve State Farm's registered agent.[5] State Farm answered on August 18, but asserted an insufficient service of process defense.[6] On

---

[1]   ECF 67.

[2]   *Id.* at 17–18, 30.

[3]   *Id.* at 30–31.

[4]   ECF 69.

[5]   ECF 72. *See also* ECF 88, at 1.

[6]   ECF 71.

September 4, Lee filed a document designated as a "response" to State Farm's answer, which included additional information regarding her claims.[7]

On September 17, 2020, State Farm filed its motion for judgment on the pleadings, seeking dismissal of the entire Amended Complaint.[8] On September 28, Lee filed a motion for leave to address a "re[l]e[v]ant and new matter."[9] That same day, she also personally delivered a copy of the Amended Complaint to State Farm's registered agent.[10] On October 1, Lee filed "objections and defenses" to State Farm's motion for judgment on the pleadings.[11] On October 12, State Farm filed another answer—"out of an abundance of caution"—in response to Lee's September 28 service attempt.[12] It also opposed Lee's motion for leave.[13] On

---

[7]   ECF 74.

[8]   ECF 75.

[9]   ECF 79.

[10]  State Farm refers to this service attempt in its October 12, 2020 answer. ECF 83, at 1 n.1. *See also* ECF 88, at 1–2 (detailing Lee's attempts at service). There is, however, no related proof of service in the record.

[11]  ECF 82.

[12]  ECF 83, at 1 n.1.

      It is unclear whether State Farm's October 12 answer [ECF 83] is the same as the one it filed on August 18 [ECF 71]. As will become clear from the discussion below, the Court does not find it necessary to resolve this issue.

[13]  ECF 84.

October 13, Lee perfected service on State Farm.[14] Two days later, State Farm filed a reply in support of its motion for judgment on the pleadings.[15] On October 19, Lee filed a motion seeking additional time to add governmental entities as defendants.[16] On October 27, State Farm filed a third answer—again "out of an abundance of caution"—in response to the October 13 service on its registered agent.[17]

On May 27, 2021, Lee filed a Motion for Leave to File Amended Complaint and a motion for permission to subpoena former Defendant CCPD.[18] (She later filed a motion for leave to file attachments missing from the proposed amended pleading.[19]) On June 9, State Farm opposed the motion for leave to amend.[20] In addition, the City of Kennesaw and the CCPD appeared specially to oppose the

---

[14] Proof of service reflecting delivery on October 13, 2020 of a summons to State Farm's registered agent was attached to Lee's motion for leave to amend [ECF 86-3, at 2–3]. State Farm also acknowledges that it has now properly been served. ECF 87, at 1–2; ECF 88.

[15] ECF 85.

[16] ECF 86.

[17] ECF 87.

[18] ECF 99; ECF 100.

[19] ECF 105.

[20] ECF 101.

motion for leave to amend.[21] On June 11, Lee filed a motion seeking an explanation for why the Court has not issued an emergency protective order for her safety.[22] Separately, on October 2, 2020, the RPD filed a motion seeking the entry of final judgment as to it.[23] That motion is unopposed.

## II.   Plaintiff's Allegations[24]

Lee purchased a renter's policy from State Farm in May 2019,[25] a copy of which is attached to her Amended Complaint.[26] The pleading alleges that State Farm breached its insurance contract with Lee, and made misleading statements or concealed material facts from her.[27] Although characterized as a complaint for

---

[21]   ECF 102; ECF 104. The Court's July 15 Order dismissed Defendant City of Kennesaw Police Department and the CCPD from this action with prejudice. *See generally* ECF 67. To the extent the CCPD's response brief seeks attorney's fees and costs, the request is procedurally improper, Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."), and is **DENIED** in any event.

[22]   ECF 106.

[23]   ECF 80.

[24]   For purposes of evaluating State Farm's motion for judgment on the pleadings, the Court treats the well-pleaded allegations of the Amended Complaint as true. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (in resolving a motion for judgment on the pleadings, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party).

[25]   ECF 69, ¶ 12.

[26]   ECF 69-2.

[27]   ECF 69.

breach of contract seeking to enforce O.C.G.A. §§ 33-1-9, 51-6-1, and 51-6-2,[28] Lee also contends that State Farm engaged in fraudulent conduct.[29]

Lee alleges that, shortly after moving into her residence at Bell of Kennesaw Mountain Apartments (Bell of Kennesaw), she began to smell an odor and hired air quality experts to determine the cause.[30] The experts noted the presence of various contaminants, and Lee asked Bell of Kennesaw to fix the problem.[31] She ultimately filed two insurance claims with State Farm related to the contamination of her apartment.[32] At some point, she also filed a police report concerning these issues.[33] Lee alleges that the police report contained false and misleading statements, and material omissions.[34]

State Farm denied Lee's first claim as related to industrial chemicals and mold, but Lee responded that the contaminants were probably the result of

---

[28] O.C.G.A. § 33-1-9 addresses insurance fraud; §§ 51-6-1 and -2 detail the torts of fraud and deceit.

[29] *See generally* ECF 69.

[30] *Id.* ¶¶ 14–17.

[31] *Id.* ¶¶ 17–18.

[32] *Id.* ¶¶ 19–20.

[33] *Id.* ¶¶ 4, 18, 23.

[34] *Id.* ¶ 23.

malicious acts.[35] An agent from State Farm informed Lee that the company would revisit the claim if the problems were the result of malicious acts.[36] Lee's second claim was for malicious acts and vandalism.[37] She provided two air quality analyses with the claim, one of which indicated the air in her apartment contained certain contaminants at a level that exceeded recommended limits.[38] The air quality experts recommended that Lee move out of her apartment.[39] State Farm denied this second claim, informing Lee that her renter's policy did not cover "chemical smell."[40] Lee contends that this characterization of her claim was false because she was suffering from malicious acts and vandalism.[41] She attributes this malicious conduct to "individuals [who] are non-citizens and law enforcement officials."[42] Lee also asserts that the Kennesaw Police Department (KPD) directed electronic devices and chemicals toward her apartment from another location in

---

[35] *Id.* ¶ 19.

[36] *Id.*

[37] *Id.* ¶ 20.

[38] *Id.*

[39] *Id.* ¶ 21.

[40] *Id.* ¶ 25; ECF 69-11.

[41] ECF 69, ¶ 25.

[42] *Id.*

the Bell of Kennesaw complex.[43] She says she was injured by drones, operated either by the KPD or private individuals.[44] It is unclear from the Amended Complaint whether Lee informed State Farm about the alleged drone activity or her belief that the KPD was the source of the contaminants in her apartment.

In Count One, Lee asserts a cause of action for concealment of a material fact by an agent of State Farm because he listed Bell of Kennesaw as having a "joint and individual interest" in Lee's insurance policy.[45] In Count Two, Lee contends that State Farm deliberately delayed its investigation of her claims "due to false representations or concealment of a material fact."[46] She makes similar assertions in Count Four, pleading that such conduct constituted bad faith.[47]

Count Three asserts that State Farm engaged in deceit by mischaracterizing Lee's malicious acts/vandalism insurance claim as a chemical smell claim.[48] The former would have been a covered claim according to Lee, but the latter was not.

---

[43]   *Id.* ¶¶ 27(b)–(e).

[44]   *Id.* ¶ 27(e).

[45]   *Id.* ¶¶ 29–30.

[46]   *Id.* ¶ 31.

[47]   *Id.* ¶¶ 33–37.

[48]   *Id.* ¶ 32.

State Farm also purportedly deceived Lee by refusing to assign a different claim representative.[49] Lee seeks compensatory and punitive damages, and costs.[50]

## III.   Applicable Legal Standards

### A.   Standard of review

In evaluating the motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the Amended Complaint as true and view them in the light most favorable to Lee. *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d. 962, 965 (11th Cir. 2014) (citation omitted). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hart v. Hodges*, 587 F.3d 1288, 1294 n.4 (11th Cir. 2009) (quoting *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998)).

### B.   Proceeding *pro se*

The Court recognizes that Lee is appearing *pro se*. It must therefore construe the Amended Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.

---

[49]   *Id.*

[50]   *Id.* at 17 (*ad damnum* clause).

1998). But this leniency does not permit the Court "to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## IV.   Discussion

Because the Court's ruling on State Farm's motion for judgment on the pleadings disposes of the other pending motions, the Court addresses it first.

### A.   Motion for judgment on the pleadings

State Farm make several arguments in favor of dismissal of this action. Although it has now withdrawn its argument that service was defective, it maintains its contention that service was perfected out-of-time.[51] Second, State Farm argues that the Amended Complaint does not comply with the pleading requirements in the Federal Rules of Civil Procedure or the Court's July 15 Order.[52] Third, it asserts that the pleading fails to state a claim for breach of contract or fraud, and claims for any extracontractual damages are barred because O.C.G.A. § 33-4-6 provides the exclusive basis for the redress of such harms.[53]

---

[51]   ECF 75-1, at 12–14; ECF 88 (withdrawing insufficient service of process defense).

[52]   *Id.* at 15–19.

[53]   *Id.* at 19–25.

In response, Lee incorrectly argues State Farm has conceded that her claims for malicious conduct/vandalism were covered by the insurance policy.[54] Her brief also includes various allegations that are not in the Amended Complaint[55] (something the July 15 Order cautioned against);[56] regardless, those new allegations do not materially advance her cause.

### 1. Failure to timely effect service

Lee attempted service of the original Complaint via Federal Express.[57] The July 15 Order made clear that this was not a valid method for service of process, and detailed the requirements for proper service of the Amended Complaint on State Farm.[58] The order also specified that personal service had to be made by someone who is not a party to this action.[59] And, although Lee had not shown good cause, the Court still provided her with additional time to complete service of the Amended Complaint on State Farm.[60]

---

[54]   ECF 82, at 2.

[55]   *See generally* ECF 82.

[56]   ECF 67, at 23–24.

[57]   ECF 22.

[58]   ECF 67, at 18–22.

[59]   *Id.* at 19–20 (citing Fed. R. Civ. P. 4(c)(2)).

[60]   *Id.* at 20–22.

On August 4 and September 28, 2020, Lee herself attempted to serve the Amended Complaint on State Farm's registered agent.[61] Lee is the plaintiff in this action. Therefore, her personal attempts to serve the Amended Complaint on State Farm's registered agent were not effective. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added).

Lee never properly served the original Complaint on State Farm, and the time for perfecting such service had long since expired when she filed the Amended Complaint. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Although Lee eventually perfected service of the Amended Complaint on State Farm in October 2020, this was beyond the original 90 days *plus* the 30 additional days the Court had allowed.[62]

Lee's failure to timely serve State Farm is alone a sufficient basis to dismiss this action. Fed. R. Civ. P. 4(m). State Farm's notice of the original and the amended pleadings is not relevant. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)

---

[61]   ECF 72; ECF 83, at 1 n.1; ECF 88, at 1–2.

[62]   ECF 67, at 30–31.

(per curiam) ("A defendant's actual notice is not sufficient to cure defectively executed service.") (citations omitted). Nor can Lee's *pro se* status excuse her failures to comply with Rule 4 and the July 15 Order. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) ("[O]nce a *pro se* [ ] litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Finally, Lee has not shown good cause for her failures to timely perfect service. Fed. R. Civ. P. 4(m) (the Court must extend the time for perfecting service if the plaintiff shows good cause). While the Court has the discretion to excuse Lee's untimely service, *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005), it declines to do so.

### 2.    Failure to state a claim

#### i.    The Amended Complaint is a shotgun pleading.

Shotgun pleadings fail "to give the defendant[s] adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Included in this category are pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.

As State Farm points out, the Amended Complaint is a shotgun pleading.[63] Less than a model of clarity, it contains several long and disjointed paragraphs, as well as allegations that have no apparent connection to State Farm's conduct. Nor do the factual allegations bear much connection to the causes of action Lee asserts. For instance, the pleading dedicates several paragraphs to describing the alleged false statements in a police report made by a detective of the KPD and Lee's complaints to Bell of Kennesaw about "suspicious activity" at the complex.[64]

Lee has already been given the opportunity to try to replead her claims in a manner that complies with the federal rules and the July 15 Order.[65] But the Amended Complaint is still a shotgun pleading that fails to satisfy Fed. R. Civ. P. 8. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (shotgun pleadings violate Rule 8 because they do not contain "a short and plain statement of the claim"). And, despite the explicit direction from the Court for Lee to put all of her claims for relief against State Farm in *one* pleading,[66] her objections and defenses to State Farm's motion for judgment on the pleadings includes various

---

[63]   ECF 75-1, at 15–19.

[64]   ECF 69, ¶¶ 23, 27(a)–(h). *See also* ECF 75-1, at 7–9 (reflecting State Farm's description of certain allegations in the Amended Complaint).

[65]   ECF 67.

[66]   *Id.* at 25.

allegations and documents that are not in the Amended Complaint.[67] Even

standing alone, these deficiencies require dismissal of the pleading.

>        *ii.*        **Lee's causes of action do not state claims.**

Compounding those problems is Lee's failure to state a claim. Each will be

addressed in turn.

>        *a.*        **Count One**

Count One alleges that a State Farm agent concealed material facts from Lee

related to the inclusion of Bell of Kennesaw on the insurance policy as having a

"Joint and Individual Interest."[68] The Court construes this as a claim for fraud

under O.C.G.A. § 51-6-1 or deceit under O.C.G.A. § 51-6-2, rather than for breach

of contract.[69] These torts have five essential elements: (1) a false representation by

---

[67]    *See generally* ECF 82.

[68]    ECF 69, ¶¶ 29–30.

[69]    Lee's objections to State Farm's motion for judgment on the pleadings seem to assert that Count One alleges a violation of O.C.G.A. § 33-1-9. [ECF 82, at 9–10.] That statute, however, addresses the making of false statements in insurance applications or claims—not alleged false statements by the *insurer*.

Given Lee's *pro se* status and her enumeration of O.C.G.A. §§ 51-6-1 and 51-6-2 in the Amended Complaint [ECF 69, ¶ 6], the Court does not limit the pleading to asserting breach of contract claims. *See Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better

the defendant; (2) scienter; (3) an intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. *Lauria v. Ford Motor Co.*, 169 Ga. App. 203, 206 (1983) (citations omitted). *See also Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir. 2003).

The Amended Complaint does not, however, explain how the purported false statements or omissions were intended to induce Lee to act or refrain from acting. Were they for the purpose of getting Lee to purchase the insurance policy? Lee's objections to State Farm's motion suggest (but do not unequivocally indicate) that Bell of Kennesaw was added *before* the purchase.[70] If so, it is unclear how there was any omission or misleading statement. Nor has Lee identified how she was injured by such conduct. While the Amended Complaint must be read leniently given Lee's *pro se* status, the Court cannot rewrite the pleading to supply facts that have not been alleged or to state a claim. *GJR Invs.*, 132 F.3d at 1369.

Moreover, the Amended Complaint explicitly identifies the "agent" responsible for the omission as an independent contractor of State Farm.[71] There

---

correspondence between the substance of a pro se motion's claim and its underlying legal basis.") (cleaned up).

[70]   ECF 82, at 9.

[71]   *See, e.g.,* ECF 69, ¶¶ 12, 29–30.

are no allegations that plausibly suggest why State Farm would be liable for the independent contractor's actions or omissions. *Wilson v. Waffle House, Inc.*, 235 Ga. App. 539, 539 (1998) ("[A]s a general rule, employers are not responsible under the theory of respondeat superior for the torts of independent contractors . . . .").

### b.    Counts Two and Four

Count Two contends that State Farm deliberately delayed its investigation of Lee's claims "due to [a] false representation or concealment of a material fact."[72] Similarly, Count Four asserts that State Farm intended to deceive Lee by failing to perform a thorough investigation.[73] Here, Lee seems to contend that the adjusters told her they would do certain things to investigate that they failed to do.[74] It is unclear whether Lee is attempting to base these causes of action in contract or tort. Either way, the pleading fails to identify how any delay or unsatisfactory investigation breached the terms of the insurance policy or constituted a fraud. Nor does Lee explain how she was harmed by any such conduct.

---

[72]   *Id.* ¶ 31.

[73]   ECF 69, ¶ 33.

[74]   *Id.*

### c.   Count Three

Although this cause of action is framed as one for deceit based on State Farm's classification of Lee's insurance claims as related to chemicals and smells, rather than as the result of malicious acts, the Court construes the claim as one for breach of contract.[75] These allegations are the crux of Lee's pleading: "Plaintiff seek[s] damages from State Farm for fraudulently denying her renter's insurance policy claim for malicious acts caused by the reckless illegal use of drones to disburse chemicals into Plaintiff's home and on her person."[76]

However, as State Farm points out, the insurance policy Lee purchased covered only losses to personal property of the insured.[77] Even assuming the truth of Lee's allegations about the source of the odors in her apartment, the Amended Complaint does not identify any personal property covered by the policy that was harmed as a result.[78] Nor does Lee's opposition to State Farm's motion suggest there was any damage to her personal property.[79]

---

[75]   *Id.* ¶¶ 19–20, 23, 25.

[76]   ECF 82, at 6.

[77]   ECF 75-1, at 20–22 (citing ECF 69-2).

[78]   *See generally* ECF 69; ECF 69-2, at 15 (Coverage B ¶ 8).

[79]   ECF 82, at 6–8.

In short, nothing in the Amended Complaint details how the harm Lee says she suffered was covered under the insurance policy—allegations that are necessary to her assertions that State Farm breached the parties' contract. *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015) (noting that, in Georgia, "[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom.") (cleaned up). To survive a motion to dismiss, a plaintiff must "allege a particular contractual provision that the defendants violated." *Id*. at 1296. Lee has failed to do so. A plaintiff is prohibited from "only generally assert[ing] a breach of contract, without identifying any provisions or any specific agreements that were breached, nor excerpting any relevant portions of an agreement." *Estate of Bass,* 947 F.3d at 1358 (cleaned up).

Because none of Lee's causes of action can plausibly state a claim, the Amended Complaint must be dismissed.

## B.     Response to State Farm's answer

As discussed above, in an "abundance of caution," State Farm filed separate answers each time Lee attempted to serve the Amended Complaint.[80] In response

---

[80]   ECF 71; ECF 83; ECF 87.

to State Farm's first answer, Lee filed a "response."[81] This was improper. State Farm did not assert any counterclaims to which the "response" might conceivably relate. Under Rule 7, a reply to an answer is permitted only if the Court directs that one be filed. Fed. R. Civ. P. 7(a)(7). No such order has been entered. Therefore, Lee was not authorized to file the "response." *Traylor v. Black, Sivalls & Bryson, Inc.*, 189 F.2d 213, 216 (8th Cir. 1951) (stating that a reply to an answer "was not only not required but was not even permissible, except by leave or order of the trial court granted in its sound discretion" under Rule 7), *abrogated on other grounds as stated in Babbs v. Block*, Case No. 4:15-cv-0194-DGK, 2017 WL 2389712, at *1 n.1 (W.D. Mo. June 1, 2017); *Middle West Const. v. Metro. Dist.*, 2 F.R.D. 117, 117 (D. Conn. 1941) (noting that a reply by the plaintiff to the defendant's answer, and defendant's rejoinder to the reply, were not authorized by Rule 7). To the extent Lee intended the "response" as another amendment to her complaint, the filing is also inappropriate: Lee was required to obtain either State Farm's or the Court's permission to amend her pleading after State Farm answered. Fed. R. Civ. P. 15(a). Accordingly, Plaintiff['s] Response to Defendant State Farm Firm and Casualty

---

[81]   ECF 74.

Company's Answer to Complaint for a Civil Case Alleging Breach of Contract [ECF 74] must be **STRICKEN**.

### C.   Lee's motion for leave to address a "new" matter

In her motion for leave to address a "re[l]e[v]ant and new matter," Lee suggests that she unknowingly relied on a misleading statement of fact by State Farm and was thereby injured; that is, State Farm misrepresented that Lee's insurance policy did not cover claims for vandalism and malicious acts when the company had in fact changed the nature of her claim to one that was not covered.[82] But this is not a new issue. It is one of the main claims in her Amended Complaint.[83] Lee's motion also (incorrectly) contends that State Farm has now admitted the policy provides coverage for her claims.[84]

State Farm objects to the motion, arguing that Lee misconstrues an affirmative defense in its answer as an admission that her claim was covered.[85] Rather, State Farm's defenses assert that Lee's claim was *not* covered.[86] The

---

[82]   ECF 79, at 3–5.

[83]   *Compare id. with* ECF 69, ¶¶ 20, 23–25, 32, 34.

[84]   ECF 79, at 3; ECF 79-1, at 2–5, 7–8.

[85]   *See generally* ECF 84.

[86]   ECF 71, at 2–10 (Sixth and Seventh Affirmative Defenses).

company also argues that Lee's motion improperly seeks a substantive determination of coverage, which is the central issue in the case.[87]

Under Rule 15(a), a party may amend her complaint only by leave of court or written consent of the adverse party more than 21 days after service of a responsive pleading or motion. The rule also provides, "[t]he court should freely give leave when justice so requires." Fed R. Civ P. 15(a)(2). But the Court has "extensive discretion" in deciding whether to permit an amendment, and need not do so when it "would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted). Here, even if Lee's proposed amendment had been timely, it would still be futile.

State Farm answered the Amended Complaint on August 18, 2020.[88] Lee did not file her motion for leave until more than 21 days later, on September 28.[89] This delay might be excused under different circumstances, especially since Lee could not file her motion electronically. N.D. Ga. Standing Order 19-01, at App. H-3, ¶ 5 ("Pro se litigants who are not attorneys in good standing admitted to the Bar of

---

[87]   ECF 84, at 2–3.

[88]   ECF 71.

[89]   ECF 79.

this Court must file all documents with the Court in paper form."). But what Lee proposes to add to her pleading does not cure its deficiencies.

To the extent Lee seeks to amend because of State Farm's purported admission that the insurance policy covered her claims, it is based on a fundamental misunderstanding of the company's affirmative defenses. Lee asserts that the seventh affirmative defense "agree[s] with Plaintiff that her policy indeed had coverage provided for claims of vandalism/malicious acts and plaintiff's claim should have been given benefits she sought a long time ago."[90] As State Farm argues, this assessment does not accurately characterize its defense.[91] The seventh defense affirmatively *denies* that Lee's claims were covered by the policy: Since there was no property damage, there was no coverage.[92]

The rest of Lee's motion essentially seeks to amend the Amended Complaint to add duplicative information, asserting that State Farm breached its contractual obligation and made false representations.[93] For the same reasons that the Amended Complaint itself does not state a claim, this "new" information does

---

[90]   ECF 79-1, at 3.

[91]   ECF 84, at 3–4.

[92]   ECF 71, at 9–10 (Seventh Affirmative Defense).

[93]   ECF 79, at 3–5; ECF 79-1, at 5–8.

nothing to correct that fatal problem. Lee's proposal to amend her pleading is futile and must be denied. *Campbell*, 166 F.3d at 1162.

### D.    Lee's request for additional time to add defendants

The July 15 Order gave Lee permission to seek leave to add as defendants governmental entities or other parties to the extent she was able to "plead a viable claim against" them.[94] On October 19, 2020, Lee did just that.[95] Her motion for leave describes several incidents—both inside and outside her home—in which she was allegedly attacked or injured by drones.[96] She asserts that the drones have sprayed her with chemicals and that they are equipped with a "sticky substance" that can "come through glass."[97]

While the motion is not entirely clear on the point, Lee seems to argue that the now-dismissed police department defendants are responsible for the attacks— either because they caused them or did nothing to investigate Lee's complaints about them.[98] These entities were dismissed with prejudice from this action, so any

---

[94]   ECF 67, at 30.

[95]   ECF 86.

[96]   *Id.* at 2–5.

[97]   *Id.* at 14–16.

[98]   *Id.* at 8–10.

effort to add them as defendants again is necessarily futile.[99] Lee also accuses the FBI of failing to respond to her requests for assistance to stop the drone activity.[100] She contends that law enforcement's refusal to investigate her complaints violates her Fourth and Fourteenth Amendment rights.[101]

Lee's proposed amendment suffers from the same disjointed structure and allegations as the Amended Complaint. Not only is it impossible to discern the exact parties she seeks to add as defendants, the bases for any causes of action are lacking. Nothing in Lee's motion explains how any failure or refusal by law enforcement to investigate her complaints violates any constitutional right or any other law. It is this type of shotgun pleading the Eleventh Circuit has repeatedly warned against. *See, e.g., Weiland*, 792 F.3d at 1321–23. The Court will not permit Lee additional time to file a futile pleading.

### E.   Lee's Motion for Leave to File Amended Complaint

During the pendency of State Farm's motion for judgment on the pleadings and her own motions for leave to address a new matter and for additional time to

---

[99]   ECF 67, at 30.

[100]   *Id.* at 9–10.

[101]   *Id.* at 10.

add defendants, Lee filed another motion for leave to amend her pleading.[102] The proposed pleading expands on Lee's contentions that she has been poisoned by chemicals dispersed through drones.[103]

Among other problems, the 350-plus page filing does not cure the deficiencies the Court has already detailed concerning her previous pleadings and attempts to amend.[104] The proposed Second Amended Complaint seeks to add various cities, counties, and government agencies to the case and makes allegations against numerous others not identified as proposed parties.[105] While she extensively quotes from various statutes she believes have been violated, she fails to allege any cause of action arising under those laws or to supply plausible facts connecting the proposed defendants to the harm she purportedly has suffered.[106] Other allegations are entirely unrelated to the operative Amended Complaint, and instead describe diverse sets of issues such as police conduct after

---

[102]  ECF 99.

[103]  *See, e.g.,* ECF 99-1, at 19, 47–48, 78–79.

[104]  *See generally* ECF 67 (July 15 Order).

[105]  *Compare* ECF 99-1, at 2 (naming the City of Kennesaw; the City of Roswell; Cobb County, Georgia; and the FBI as Defendants) *with, e.g.,* ECF 99-2, at 31–40 (reflecting allegations against an Officer Massey) and ECF 99-2, at 46–47 (concerning Officer O.J. Johnson).

[106]  *See, e.g.,* ECF 99-1, at 25–36.

a traffic accident in which Lee was involved and purported claims under Section 1983 related to her refusal to place her sons in special-needs classes.[107]

Lee's motion for leave to amend does not clearly identify (1) all of the proposed defendants; (2) the causes of action; (3) facts plausibly supporting those causes of action; or (4) the alleged harm she has suffered as a result. Nor has Lee supplied any reason for seeking leave to file the proposed amendment more than ten months after the Court's July 15 Order. In short, nothing in the untimely proposed amended pleading states a claim or otherwise cures the deficiencies in the Amended Complaint.[108] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010). It is an impermissible shotgun pleading. *Weiland*, 792 F.3d at 1321–23. The Court will not grant Lee leave to file a belated, futile Second Amended Complaint. *Campbell*, 166 F.3d at 1162.

Further, in connection with filing her motion for leave to amend, Lee sent a request for waiver of service to (among others) the City of Kennesaw.[109] Aside

---

[107]  ECF 99-1, at 16; ECF 99-2, at 4–7.

[108]  To the extent Lee intends the requests embedded in the proposed amended complaint for an emergency protective order and preliminary injunction pursuant to Fed. R. Civ. P. 65 to serve as a motion [ECF 99-1, at 7, 22; ECF 99-2, at 60], those requests are **DENIED**.

[109]  ECF 103. The filing indicates that the requests for waivers were also sent to the FBI, Cobb County, and the City of Roswell. *Id.*

from the procedural problems with Lee's apparent attempt to serve various entities that are not actually parties to this litigation, such efforts are moot in light of this Order. The Court's rulings also moot Lee's motion for leave to file the attachments that were missing from her proposed Second Amended Complaint.[110]

### F.    Lee's request for "Rational for Non-issuance of an Emergency Protective Order for her Safety"

In this motion, Lee "appeal[s] to the Court to give to her, respectfully its rationale for denying previous request for an Emergency Protective Order and delaying a recent request."[111] The Court's extensive July 15 Order provided a reasoned denial of Lee's various motions for protective orders. Therefore, her current request is moot, even if it were appropriate. Further, Lee has failed to properly serve a defendant or state a claim for relief. In the absence of any viable cause of action or clear basis for the exercise of its federal authority, the Court cannot issue the protective order Lee seeks.

### G.    RPD's Motion for Entry of Final Judgment[112]

On October 2, 2020, the RPD filed a motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b). Under this rule, "[w]hen an action presents more

---

[110]  ECF 105.

[111]  ECF 106.

[112]  ECF 80.

than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Since this Order completely disposes of this case and judgment will be entered in favor of all Defendants, the RPD's motion is moot.

## V.    Conclusion

State Farm's Motion for Judgment on the Pleadings [ECF 75] is **GRANTED**.

Lee's Motion for Leave to Address a Re[l]e[v]ant New Matter on Record [ECF 79] is **DENIED**. Lee's Motion for Leave to Request More Time to File Amend[ment] to Complaint to Add Appropriate Governmental Agencies or Entities [ECF 86] is **DENIED**. Her Motion for Leave to Filed Amended Complaint [ECF 99] is **DENIED**. Lee's motion for permission to subpoena the CCPD [ECF 100], motion for leave to file attachments missing from her proposed Second Amended Complaint [ECF 105], and motion for a rationale for the non-issuance of an emergency protective order [ECF 106] are **DENIED AS MOOT**. Further, the Court directs that Lee's requests for waiver of service [ECF 103] be **STRICKEN** from the docket. No entity to which such request was directed need appear in this action or respond to any pleading or motion filed by Lee.

RPD's Motion for Entry of Final Judgment [ECF 80] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **STRIKE** from the docket Plaintiff['s] Response to State Farm's Answer to Complaint for a Civil Case Alleging Breach of Contract [ECF 74]. The Clerk is further **DIRECTED** to enter judgment in favor of Defendants and close this case.

**SO ORDERED** this the 15th day of June 2021.

Steven D. Grimberg
United States District Court Judge