UNITED STATES DISTRICT COURT
Northern District for the Georgia

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
SEP 19 2023
KEVIN P. WEIMER, Clerk
By: /s/ Deputy Clerk

Civil Action No. 1:19-CV-4353 SDG

Mary Fore Lee
)
)
)
State Farm Fire & Casualty Co.

## MOTION FOR EXPEDITED DISCOVERY
## AND
## EVIDENTIARY HEARING

Plaintiff, Mary Fore Lee, respectfully moves this Court to hold an evidentiary hearing to develop additional facts from the above-mentioned civil action. Plaintiff, Ms. Lee respectfully requests that the Court allow her to conduct discovery on an expedited basis and to hold an evidentiary hearing following the completion of discovery.

1. Plaintiff, Ms. Lee filed a Motion for "Fraud" on the Court" on November 22, 2022.

2. The case doctrine (the law of this case) supports a claim that a fraud on the court occurred.

3. The district court should reverse the two court orders and the final judgment obtained by Counsel Rebecca Strickland and State Farm Fire and Casualty Company for a finding of fraud on the court.

4. The elements are present to establish such a claim of fraud on the court.

FED. R. CIV. P. 60(b) provides:

"On Motion and just terms, the court may relieve a party or its legal representative from a fraud judgment order or proceeding for the following reasons.

(1) <u>Mistake</u>, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) <u>fraud (whether previously called intrinsic or extrinsic; misrepresentation, or misconduct by an opposing party.</u>

5. An attorney is an Officer of the Court. Attorney Rebecca Strickland at all relevant times was an Officer of the Court and was the Counsel to State Farm Fire and Casualty Company. The first element is met.

6. When Attorney Strickland submitted Declarations to the court to obtain three (3) orders without disclosing that Mr. John (Jay) Williams' is a party to Plaintiff, Ms. Lee's Renters Policy Agreement with State Farm Fire and Casualty Company.

7. Plaintiff, Ms. Lee's Renters Policy Agreement is a contract of adhesion which State Farm drafted and Plaintiff, Ms. Lee agreed to the terms and conditions of the agreement.

8. It is reasonable to believe that State Farm knew or should have known the terms and conditions of the contract.

9. It is reasonable to believe that Counsel Rebecca Strickland knew or should have known the terms and conditions of the contract as the Representative for State Farm.

10. State Farm Fire and Casualty Company admits, "Policy is subject to the terms and conditions of the policy and applicable Georgia laws."

11. State Farm Renters Policy Agreement states,

    Under 'Renters Policy Agreement" – You agree by acceptance of this policy, that: (4) this policy contains all of the agreements <u>between you and us and any of our agents.</u>

12. Mr. John (Jay) Williams is a State Farm Agent and a party to Plaintiff's Renters Policy Agreement.

13. Mr. John (Jay) Williams can be process served and sued.

14. When Counsel Strickland submitted State Farm Fire and Casualty Company's Emergency Motion for Leave to Supplement with Signed Declarations by Ms. Kristen Womble and Mr. John (Jay) Williams to the Court to obtain three (3) orders claiming that Mr. John (Jay) Williams was an "independent contractor." Under 28 U.S.C 1746 Unsworn declarations under the penalty of perjury were given to the District Court in support and claims that Mr. Williams was a sub-contractor and not a party to Plaintiff, Ms. Lee Renter Policy Agreement which is factually not true. The Court issued orders to "Stay Discovery" and granting a Final Judgment Order to State Farm Fire and Casualty Company and dismissing Plaintiff, Ms. Lee case with prejudice is a) fraud; b) a breach of contract c) bad faith d) a reckless disregard for the truth because the information conflicts with the provisions (terms and conditions) of Plaintiff, Ms. Lee's Renters Policy Agreement between the parties.

15. And the District Court writes, "There is no allegations that plausibly suggest why State Farm would be liable for the independent contractor's actions or omissions. In Final Judgment Order on June 15, 2021." The third element is met.

16. The Court Order to "Stay Discovery" was issued with in hours after the request was made, as well as causing the shutting down of discovery with a stay and a final decision being issued without allegations ever being proven with facts and evidence.

17. The defendant is entitled to raise all available defenses to Plaintiff's claims, which may not be true. As the truth of the pleadings have not yet been determined.

18. The defendant is not precluded from raising any defenses, even if those defenses would fail if the facts turn out to be as they are alleged in the Complaint. It would therefore be wholly inappropriate for me (a pro se) to request to strike Defendant's affirmative defenses before any of the allegations in the complaint are proven or disproven by available evidence.

19. On April 24, 2020 Counsel Strickland for defendant puts in writing the following information regarding a claim for a breach of contract:

    "State Farm's relationship with Plaintiff was **contractual in nature**, and **any duty which is had to Plaintiff arose out of the contract**. [Doc. 32-1 p4] However, a claim arising from **denial of a claim is a breach of contract claim**." The elements of a **breach of contract claim**" are the **(1) breach, and the (2) resultant damages (3) to the party who has the right to complain about the contract being breached**."

20. The "**Claim Function**" exists **to fulfill "the insurer' promises** to it **policyholders** (Plaintiff, Ms. Lee).

21. Counsel Strickland writes "**Plaintiff's Complaint alleges damages** from drone activity………….." [Doc. 32-1 p22]

22. Plaintiff property damage is recognized by the District Court in the Order dated July 15, 2020 as the following:

> "Presently, "there are military style unmanned electronic devices (drones) harassing, being a nuisance as I drive, used as a weapon that causes injury to me, **damage personal property** and interferes with my freedom of movement. [Doc. 67 at 31]

23. Plaintiff, Ms. Lee files a complaint alleging breach of contract resulted from **bad faith through unfair dealings/false representation or concealment of a material fact on a senior citizen** who suffered **instability in Plaintiff's housing** which is **loss of use** as a result of property damage and recommendation by experts to move out for health and safety reasons. (Supported by Renters Policy Agreement.)

24. Yet, the District Court writes, "Since there was no property damage, there was no coverage." [Doc. 107 at 92.] The third element is met.

25. Counsel Strickland knew and admitted, "The only contention that could be construed as a "**specific misrepresentation**" identified by Plaintiff is that

State Farm evaluated the second claim based upon a chemical smell, but she reported a malicious act/vandalism," [Doc. 75-1 p.24]

26. State Farm's **decision to deny** Plaintiff, Ms. Lee **benefits under my Renter's Policy Agreement** for a "**non-peril of "chemical smell" which I, Plaintiff (Ms. Lee) never submitted to the insurer as a claim related to my Renter's Policy Agreement** conflicts with what Plaintiff (the policyholder) actually claimed and conflict with the policy provisions (terms and conditions) and is a breach of contract.

27. State Farms denies Plaintiff, Ms. Lee stated a claim. Yet, the Court Order [Doc. 67 at 61] states, "she sought damages from State Farm Fire and Casualty Company for fraudulently denying her renter's insurance policy claim related to the drones and pollution." Which Counsel Strickland admits to when she says, "The only contention that could be construed as a "**specific misrepresentation**" identified by Plaintiff is that State Farm evaluated the second claim based upon a chemical smell, but she reported a malicious act/vandalism," [Doc. 75-1 p.24]

28. Counsel Strickland knew Plaintiff, Ms. Lee second claim reported a malicious act/vandalism. Yet Counsel Strickland states,

> "None of the relief sought in the purported Motion or the Addendum sought a protective order that in any way affects State Farm **(or any of the other Defendants)**. Thus Motion for

Protective Order appears to be pending against State Farm. Rather, for the reason set forth in the "Motion to Dismiss and Motion to Dismiss Amended Complaint, which are incorporated herein by reference. State Farm respectfully shows that **Plaintiff has failed to state any claim for relief against State Farm.** As such, **no protective order should be entered against State Farm.**

The Court Order (Doc. 107 at 42) and Doc. 67 at 44-45] states, "She attributes this **malicious conduct to individuals who are non-citizens and law enforcement officials**. [Doc. 107 at 42) Lee also asserts that **the Kennesaw Police Department (KDP) directed electronic devices and chemicals towards her apartment** from another location in the Bell of Kennesaw complex. She says **she was injured by drones operators either by the KDP or private individuals.** [Doc. 67 at 44-45] which is **directly related to my claim with State Farm**.

29. The District Court knew the following,

   a. "She attributes this **malicious conduct to individuals who are non-citizens and law enforcement officials**. [Doc. 107 at 42)  Lee also asserts that **the Kennesaw Police Department (KDP) directed electronic devices and chemicals towards her apartment** from

another location in the Bell of Kennesaw complex. She says **she was injured by drones operators either by the KDP or private individuals.** [Doc. 67 at 44-45] which is **directly related to my claim with State Farm**.

b. Yet, the District Court writes in the final judgment order the following: ………."Lee seems to argue that the now dismissed police department Defendants are responsible for the attacks-either because they caused them or did nothing to investigate Lee's complaint about them. (Court Order June 15, 2021 (Doc. 107 at 99] These statements conflicts with the first Court Order of July 15, 2020.

c. The District Court mistaken when the court writes in the final judgment order the following, "Lee objections to State Farm's motion for judgment on the pleadings seen to assert that Count One alleges violation of O.C.G.A. 33-1-9 [ECF 82 at 10.] This statute, however, addresses the making of false statements in insurance applications or claims—not alleged false statements by the insurer." Wa

d. Since the copy of the statute O.C.G.A. 39-1-9 states in part as it relates to Plaintiff's claims states the following," any natural person (human being) who knowingly makes any false or fraudulent statement or

e. On September 28, 2020 my daughter Andrea Knight, 4305 Canaan Way, Kennesaw, Georgia 30144 served State Farm Fire and Casualty Company with the summons and complaint. This was 55 days from the filing of Ms. Lee Amended Complaint Alleging a Breach of Contract.

f. On October 1, 2020 Ms. Lee came to the U.S. District Court, Office of Clerk to filed the Proof of Service of September 28, 2020. The representative serving Ms. Lee told her that she could not file the proof of service because it was not timely or had expired or something to that nature and the representative gave the proof of service back to Ms. Lee with another summons in a civil action dated October 1, 2020 to serve upon State Farm Fire and Casualty company c/o Corporation Services Company. This was (58) days from the filing of Ms. Lee's Amended Complaint Alleging Breach of Contract.

g. Order June 15, 2021 Ms. Lee never properly served the original Complaint on State Farm, and the time for perfecting such service had long since expired when she filed the Amended Complaint. Fed. R. Cir. P. 4m (If a defendant is not served with 90 days after the complaint is filed. [Doc. 107 at 62]

h. Ms. Lee sought an Emergency Order for protection for her health and safety from harm through the illegal use drones dispersing chemicals on to her person and into her residence. [ECF 2]; ECF 7]; [ECF10]; Ms. Lee Motionfor an Emergency Hearing on a Protective Order [ECF 56]; Ms. Lee initiated this action September 27, 2019 [Doc. 67 at 1]. These motions were filed on October 2, 2019; October 21, 2019; November 12, 2019, December 25, 2019; March 2, 2020 and May 13, 2020. An order was issued July 15, 2020 denying Ms. Lee's requests about ten (10) months later without reasons. It was unfair to have Ms. Lee wait for such an extreme amount of time to render a decision for health and safety. (*Bias, Prejudice and An Abuse of Discretion*)

i. Lee contends that she has been harmed by drones and either pollutants. (Doc. 67 at 28) With respect to the alleged drone activity, Lee asserts, "Presently, there are military style unmanned electronic devices (drones) harassing, being a nuisance as I drive, used as a weapon tat cause injury to me, damage personal property and interferences with my freedom of movement. (Doc. 67 at 31)

30. Plaintiff's Motion was not properly addressed based on bias and prejudice against Plaintiff, Ms. Lee.. The District Court took no action although the case doctrine supported fraud and misrepresentation; and is convinced that an evidentiary hearing will show that Fraud on the Court actually occurred from alleged facts which is true will entitle her to relief.

A.   Plaintiff (Ms. Lee) needs, and is entitled to discovery.

31. Plaintiff (Ms. Lee) needs, and is entitled to discovery to be able to meaningfully present her claims set forth in her Motion that "Fraud on the Court" occurred and to provide this court with a complete record on the issues that must be addressed because a sequence of event occurred during proceedings which diminishes the integrity of the Court as they stand now. Plaintiff (Ms. Lee) specifically request that this Court:

a.   "make findings of fact as to whether Mr. Williams and Ms. Womble's Declarations which were given by sworn testimony concerning Mr. Williams role with State Farm and Plaintiff (Ms. Lee). Mr. Williams is a party to Plaintiff (Ms. Lee) policy agreement which conflicts with the terms and provisions of Plaintiff, State Farm Fire and Casualty Company and Mr. Williams' policy agreement;"

b.   "make findings of fact as to whether "Jane Doe," a government employee who signed both summons on August 4, 2020 and October 1, 2020 acted in a role within the machinery of the Court whom's duty is

to received filing from Plaintiff (Ms. Lee) refused to accept Plaintiff's (Ms. Lee) process service confirmation on October 1, 2020 and why did she not correct the false impression regarding the matter;

c. "make findings of fact as to whether Plaintiff's (Ms. Lee's) motions be the Court were unreasonably delayed for improper motives and or were false accusations made to the Court and by the Court regarding Plaintiff (Ms. Lee) Motion for Leave to file Amended Complaint filed May 27, 2021 when all parties, their representatives, and the Court knew that Plaintiff (Ms. Lee) filed a Motion for Leave to Request More Time to File Amend to Complaint to add appropriate Governmental Agencies or Entities on October 19, 2020 which was not reviewed and ruled on until June 15, 2021. The District Court is in control of the proceedings and not Plaintiff (Ms. Lee); and make findings of fact as to whether

Fred Douglas Bentley, Jr.    and    LAURA J. MURPHREE

Created an impression which was false and they knew is not to be true, for the purpose of preventing Plaintiff (lee) from furnishing information pertinent to the Court, coupled with lack of professional conduct to deprive Plaintiff (Lee) of her 5th Amendment rights.

       • "make findings of fact as to whether Plaintiff (Ms. Lee) was discriminated against and denied her Fifth Amendment right when she was told by the Court that her Amended Complaint must contain all of her claims must be included into this document because the Court would not refer back to any of her previous pleadings when the City of Kennesaw, the County of Cobb and State Farm Fire and Casualty Company and the District Court were able to refer back to Plaintiff's (Ms. Lee) pleadings;

       • "make findings of fact as to whether Plaintiff had "property damage" and or is "loss of use" directly related to "property damage" in Plaintiff's claim.

WHEREFORE, Petitioner pray that the Court will grant her request for:

And any other relief that just and fair.

Respectfully Submitted,

Mary Jon Lee
P.O. Box 1463
Smyrna, Georgia
30081