**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MARY FORE LEE,<br>    Plaintiff,<br><br>             v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br>    Defendant. | Civil Action No.<br>1:19-cv-04353-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Mary Fore Lee's motion for expedited discovery and an evidentiary hearing [ECF 116]. She also seeks recusal of undersigned. For the following reasons, Lee's motion is **DENIED**. This case remains **CLOSED**.

**I.    Background**

On June 15, 2021, the Court granted Defendant State Farm's motion for judgment on the pleadings, entered final judgment in State Farm's favor, and directed that this case be closed.[1] On June 23, Lee filed several requests for waiver of service addressed to various city and county governments, as well as the FBI.[2] The Court directed that Lee's requests be stricken from the docket.[3] A few months

---

[1]   ECF 107; ECF 108.

[2]   ECF 110.

[3]   ECF 111.

later, on November 22, Lee filed a Rule 60 motion to vacate the Court's June 15 Order, claiming that she had been deprived of the opportunity to fully and fairly present her case and that fraud was committed against the Court because State Farm and its counsel concealed information.[4] Those arguments repeated contentions Lee had previously raised.[5] The Court denied the motion.[6] On September 19, 2023, Lee filed the instant motion for discovery and a hearing, and requesting recusal.[7]

## II.   Recusal

A district court is usually required to rule on a recusal motion before addressing merits arguments because, if recusal is warranted, the court is generally not permitted to take any action concerning the merits. *Daker v. Warren*, No. 20-12296, 2023 WL 4560224, at *3 (11th Cir. July 17, 2023) (citations omitted). Accordingly, the Court first addresses Lee's arguments for recusal.

Lee attributes the Court's purported bias to her "race, socioeconomic status, and being a female."[8] She further contends the Court failed to treat the statements

---

[4]   ECF 113.

[5]   *See generally* ECF 107 (June 15, 2021 Order).

[6]   ECF 115.

[7]   ECF 116.

[8]   ECF 116-1, at 4.

in her complaint as true because it characterized them as allegations, claims, or contentions.[9] However, she has stated no factual basis for these assertions.

There are two federal statutes applicable to requests for recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455. The Court addresses each in turn.

### A. Section 144

"To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Lee's motion, however, lacks any facts that can support her claim of bias. She contends the Court was "belittling toward [her]" and "expressed low expectation of [her] capabilities,"[10] but she does not identify anything specific demonstrating that the Court engaged in such conduct. She has not described any facts that show bias because of her race, economic status, or sex. Nor can the characterization of statements in a pleading as "allegations" reasonably be construed as exhibiting bias, since that is precisely what a pleading is supposed to do.

### B. Section 455

The analysis applicable under § 455 is largely the same as that for § 144. A judge must only recuse under § 455 when "an objective, fully informed lay

---

[9]   *Id.* at 3.

[10]  *Id.* at 3.

observer would entertain significant doubt about the judge's impartiality." *Christo*, 223 F.3d at 1333. As noted above, Lee has not identified any facts that would cause an observer to reasonably question the Court's impartiality. 28 U.S.C. § 455(a); *United States v. Alabama*, 828 F.2d 1532, 1541 (11th Cir. 1987) ("[D]isqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.").

Lee has not shown that recusal is appropriate under either § 144 or § 455.

### C.     Discovery and Evidentiary Hearing

Lee's substantive claims were long ago dismissed with prejudice and she elected not to appeal. There is nothing pending on which Lee is entitled to seek discovery and no basis for an evidentiary hearing. Moreover, to the extent Lee's motion is based on Rule 60(b)(3) because of purported fraud,[11] it is untimely. Such motions cannot be brought more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). The motion is Lee's attempt to once again rehash arguments the Court has already rejected.[12] That Lee disagrees with the Court's disposition of her claims is not a reason that can justify the relief she seeks.

---

[11]   *See, e.g.*, ECF 116, at 1, 12.

[12]   *See, e.g.*, ECF 107, 115.

**III.    Conclusion**

Lee's motion [ECF 116] is **DENIED**. This action remains **CLOSED**. Further frivolous filings in this action will be summarily denied.

**SO ORDERED** this 23rd day of September, 2024.

                                                  Steven D. Grimberg
                                        United States District Judge